| B 104 (Rev. 8/87) *(12640)* | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| RICHARD KIPPERMAN | BRADLEY PROULX |

**ATTORNEYS (Firm Name, Address, and Telephone No.)**

L. Scott Keehn (61691)
Lynn M. Beekman (149325)
ROBBINS & KEEHN, APC
530 B Street, Suite 2400
San Diego, CA 92101
Telephone No. (619) 232-1700

**ATTORNEYS (If Known)**

Case # : 01-90355-PBAD
Name : KIPPERMAN V. PROULX
Judge : PETER BOWIE
Chapter: AD
- - - - - - - - - - - - - - - - -
Filed : September 04, 2001  14:32:30
Deputy : S DAHL
Receipt: 154874
Amount : $150.00

**PARTY** (Check one box only)    ☒ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To determine nature and extent of trustee's lien and for declaratory relief.

**NATURE OF SUIT**
(Check the one most appropriate box only)

☐ 454 To Recover Money or Property

☒ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To obtain or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

ASSIGNED TO
JUDGE PETER W. BOWIE

| **ORIGIN OF PROCEEDINGS** | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT Declaratory Relief | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Sara Newsome Burns | BANKRUPTCY CASE NO. 99-33191-B7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING SO. DIST. OF CALIFORNIA | DIVISIONAL OFFICE N/A | NAME OF JUDGE HON. Peter W. Bowie |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | FEE IS ☐ |
|---|---|---|---|

| DATE 9/4/01 | PRINT NAME L. Scott Keehn | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

# ORIGINAL

L. Scott Keehn (SBN 61691)
Lynn M. Beekman (SBN 149325)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

Special Counsel for
**RICHARD KIPPERMAN, Chapter 7 Trustee**

```
Case # : 01-90355-PBAD
Name   : KIPPERMAN V. PROULX
Judge  : PETER BOWIE
Chapter: AD
-----------------------------------
Filed  : September 04, 2001  14:32:30
Deputy : S DAHL
Receipt: 154874
Amount : $150.00
-----------------------------------
```

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:                                    )    **CASE NO. 99-33191-B7**
                                          )
**SARA NEWSOME BURNS**, an individual,    )    **ADV. NO.**
                                          )
                                          )
                Debtor.                   )
_____     )    **COMPLAINT TO DETERMINE**
                                          )    **NATURE AND EXTENT OF**
**RICHARD KIPPERMAN**, Trustee,           )    **TRUSTEE'S LIEN AND FOR**
                                          )    **DECLARATORY RELIEF**
                                          )
                Plaintiff,                )
                                          )
v.                                        )
                                          )
**BRADLEY PROULX**, an individual,        )
                                          )
                                          )    ASSIGNED TO
                Defendant.                )    JUDGE PETER W. BOWIE
_____     )

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING   530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700   TELECOPIER (619) 544-5095

Plaintiff RICHARD KIPPERMAN (hereinafter "Trustee" or "Plaintiff"), Chapter 7 Trustee herein, brings this complaint against the Defendant as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) because it arises under, in and is related to the above-referenced bankruptcy case.

///

# ORIGINAL

78641/LMB/5021.01

2.    Venue is proper in the Southern District of California in accordance with 28 U.S.C. § 1409(a) because this case arises under, in and is related to above-referenced bankruptcy case which is pending in this district.

3.    This matter constitutes a core proceeding to be heard and determined by the Bankruptcy Court in accordance with 28 U.S.C. §§ 157(b)(A), (K) and (O).

**GENERAL ALLEGATIONS**

4.    Bradley Proulx ("Defendant"), is a creditor that obtained a judgment from the San Diego Superior Court against the Debtor on or about October 30, 1998 in the amount of $231,462.61 in a case entitled <u>Bradley Proulx v. Sara Newsome Burns</u> Case No. 711064 (the "*State Court Judgment*").

5.    On or about November 6, 1998, Defendant recorded an Abstract of Judgment against Debtor's residence based on his *State Court Judgment*. This abstract created a judicial lien on the Debtor's residence (the "*RP Judgment Lien*").

6.    Defendant asserts that on or about November 10, 1998, based on his State Court Judgment, he obtained an "*Order To Appear For Examination*" requiring the Debtor to appear for a judgment debtor's examination.

7.    Defendant asserts that on or about December 16, 1998, based on the State Court Judgment, Defendant obtained a "*Turnover Order In Aid Of Execution*" directing Debtor and her attorneys to turn over to the Marshall all funds received by the Debtor resulting from her participation as a relator in <u>United States Of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al,</u> Civil Action No. 91-1325-E(P) (the "*Whistleblower Action*").

8.    Defendant asserts that on or about January 13, 1999, based on the *State Court Judgment*, he obtained a Notice of Lien on the Debtor's rights to monies procured in the *Whistleblower Action*.

9.    Defendant alleges that on or about January 21, 1999, he filed a "*Notice Of Judgment Lien On Personal Property*" with the California Secretary of State based on the State Court Judgment.

10.    On or about January 25, 1999, Debtor filed Chapter 13 Case No. 99-00811-B13 (the "*Chapter 13 Case*") and Thomas Billingslea, Jr. was appointed to act as the Chapter 13 Trustee.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

78641/LMB/5021.01

11.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor expected to receive her final $150,000 cash fund from the *Whistleblower Action* sometime in early/mid 1999 (the "*$150,000 Cash Fund*").  Defendant made application to the bankruptcy court for an order requiring that the *$150,000 Cash Fund* be made to him.  On or about February 19, 1999, the Honorable John J. Hargrove ordered that  the *$150,000 Cash Fund* be held by the Debtor's counsel, Robbins & Keehn, APC, in a segregated, interest bearing account until "further order of this court" (the "*Order Authorizing Cash Fund*").  The *Order Authorizing Cash Fund* also provided that "*in the event the Debtor dismisses her Chapter 13 action, the funds shall remain in the account of Debtor's counsel, pending further order of the court.*"

12.    On or about July 22, 1999, an "*Order Dismissing Case*" was entered in the *Chapter 13 Case*.  Thereafter, the Debtor filed a Notice of Appeal of the "*Order Dismissing Case.*"  On or about December 26, 2000, the United States Bankruptcy Appellate Panel For The Ninth Circuit reversed the "Order Dismissing Case" and remanded the *Chapter 13 Case* to the Bankruptcy Court for further proceedings consistent with its judgment.

13.    Defendant asserts that on or about July 30, 1999,  he obtained a "*Writ Of Execution*" based on his State Court Judgment.

14.    Defendant asserts that on or about August 2, 1999, based on his *State Court Judgment*, he obtained a "*Turnover Order In Support Of Ex Parte Application For Turnover Order*" requiring Debtor and her counsel, Robbins & Keehn, APC, to turnover the *$150,000 Cash Fund.*

15.    Defendant asserts that on or about August 2, 1999, he served Debtor's counsel, Robbins & Keehn, APC, with a copy of the "*Writ Of Execution*", "*Notice Of Levy*", "*Memorandum Of Garnishee*" and "*Turnover Order In Support Of Ex Parte Application For Turnover Order*" based on his *State Court Judgment.*

16.    On or about August 2, 1999, Defendant made an ex parte application to the bankruptcy court to order the *$150,000 Cash Fund* to be released to Defendant.  That ex parte application was denied.

17.    On or about August 11, 1999, Debtor filed this Chapter 7 case and Plaintiff was appointed to act as the Chapter 7 Trustee.  Thereafter, Plaintiff made demand upon Debtor's counsel,

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING, 550 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-0095

78641/LMB/5021.01

1   Robbins & Keehn, APC, to turnover the *$150,000 Cash Fund* because it was property of the estate

2   created by filing the Chapter 7 Case. Robbins & Keehn, APC complied with that request and Plaintiff

3   has maintained possession and control of that fund as property of the estate.

4       18.     On June 29, 2000, this Court entered "Orders: (1) Granting Debtor's Motion to Avoid

5   Judicial Lien, etc." (The "522 Order"). The 522 Order avoided a substantial portion of the Defendant's

6   *RP Judgment Lien*, but fixed the amount of the *RP Judgment Lien* which would survive the avoidance

7   at $22,820.98 (the "*Surviving Lien*").

8       19.     Defendant has made demand upon Plaintiff to turnover the *$150,000 Cash Fund*

9   claiming that he has a first priority secured lien thereon. Plaintiff denies Defendant's claim and alleges

10  he has a first priority secured lien on the *$150,000 Cash Fund* by virtue of 11 U.S.C. §544 and because

11  Defendant's liens are either voidable, expired or have not been properly perfected.

12

13                          **FIRST CLAIM FOR RELIEF**

14                  (Action To Determine Nature And Extent Of Trustee's Interest

15                              In Property of the Estate)

16      20.     Plaintiff incorporates herein by this reference each and every allegation contained in

17  Paragraphs 1 through 18 above as though the same were fully set forth at this point.

18      21.     The Trustee alleges that, pursuant to 11 U.S.C. §544(a)(1), at the commencement of

19  the Chapter 7 case he became a judicial lien creditor with a secured, first priority lien on the *$150,000*

20  *Cash Fund* that is a sum certain of money which is now held by him in trust for the benefit of the

21  estate.

22      22.     Trustee seeks a determination of the nature and extent of his judicial lien and other

23  interests in the *$150,000 Cash Fund* or property of the estate, as well as a determination that his

24  interest as the statutory hypothetical judicial lien holder is superior to Defendants voidable, expired,

25  unperfected security interest, and any other claim of Defendant in that specific property.

26  / / /

27  / / /

28  / / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

- 4 -

78641/LMB/5021.01

## SECOND CLAIM FOR RELIEF

(Declaratory Relief)

23.    Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 22 above as though the same were fully set forth herein at this point.

24.    A controversy has arisen between Plaintiff on the one hand, and the Defendant on the other, in that:

(A)    Plaintiff contends that Defendant does not have a valid or enforceable, secured lien on the *$150,000 Cash Fund* because Defendant's liens are either voidable, expired, not properly perfected or statutorily subordinated by 11 U.S.C. §544(a)(1). Plaintiff contends that he has a superior lien on the $150,000 Cash Fund as a result of 11 U.S.C. §544(a)(1), and that his claim entirely defeats all of Defendant's claims in and to the *$150,000 Cash Fund*; whereas,

(B)    Defendant contends that he has a properly perfected, valid, first priority secured lien on the *$150,000 Cash Fund* and that he is entitled to the entire *$150,000 Cash Fund* and that the Trustee's lien claim, as well as any other claims that the Trustee may assert in the *$150,000 Cash Fund* are junior to his lien; and,

(C)    that his lien consumes the entire *$150,000 Cash Fund*.

25.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the nature, extent, and priority of the Trustee's property interest in the *$150,000 Cash Fund* in order to ascertain the extent of the estate's assets and to administer the estate in accordance with his duties as Trustee.

WHEREFORE, Plaintiff prays for relief as follows:

## ON THE FIRST CLAIM FOR RELIEF:

That the Court enter an order establishing and determining the existence, nature, extent and priority of the Plaintiff's interest in the *$150,000 Cash Fund* as the first priority and prevailing lien claim in that fund;

/ / /

/ / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

78641/LMB/5021.01

**ON THE SECOND CLAIM FOR RELIEF:**

That the Court enter an order declaring that:

(1) Plaintiff has a secured, first priority lien on the *$150,000 Cash Fund* and declaring that Defendant has no secured lien on the *$150,000 Cash Fund*, or that his interest therein is junior or subordinate to that of the Trustee;

(2) that other than the *Surviving Lien*, Defendant holds no secured claim in this estate; and,

(3) that the Trustee holds the *$150,000 Cash Fund* as property of the Debtor's estate free and clear of all liens and adverse claims of the Defendant.

**ON ALL CLAIMS FOR RELIEF:**

(1) That the Court enter an order awarding Plaintiff his attorneys' fees and costs of suit according to proof; and,

(2) For such other and further relief as the Court deems just and proper.

Dated: 9/4/01

        **ROBBINS & KEEHN**
        A Professional Corporation

By: _L. Scott Keehn_

      L. Scott Keehn
      Lynn M. Beekman
      Special Counsel for
      Richard Kipperman, Chapter 7 Trustee

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

78641/LMB/5021.01