**SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
Elizabeth Aronson (#167869)
2139 First Avenue
San Diego, California 92101
(619)557-9420 / Fax (619)557-9425

Attorneys for SECURED CREDITOR
BRADLEY PROULX

FILED DD
01 OCT -5 PM 12:16
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SARA NEWSOME BURNS,<br><br>Debtor. | Case No. 99-33191-B7<br><br>Adv. No: 01-90355-B7<br><br>Chapter 7 |
| RICHARD KIPPERMAN, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY PROULX, an individual,<br><br>Defendant. | **ANSWER OF DEFENDANT BRADLEY PROULX TO COMPLAINT TO DETERMINE NATURE AND EXTENT OF TRUSTEE'S LIEN AND FOR DECLARATORY RELIEF** |

Secured Creditor/Defendant, BRADLEY PROULX (referred to herein as "Defendant") answers Plaintiff's Complaint to Determine Nature and Extent of Trustee's Lien and For Declaratory Relief as follows:

1. Defendant admits that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(a) and (b).

2. Defendant admits that venue is proper in the Southern District of California in accordance with 28 U.S.C. §1409(a).

3. Defendant admits that this matter constitutes a core proceeding to be heard and determined by this Court in accordance with 28 U.S.C. §157(b)(A), (K) and (O).

4. Defendant admits that Defendant is a creditor that obtained a judgment from the San Diego Superior Court against the Debtor on or about October 30, 1998 in the amount of $231,462.61 in a case entitled Bradley Proulx v. Sara Newsome Burns Case No. 711064.

5. Defendant admits that he asserts that on or about November 6, 1998, Defendant recorded an abstract of Judgment against Debtor's residence based upon the state court judgment thus creating a judicial lien upon the residence.

6. Defendant admits that he asserts that on or about November 10, 1998, and based upon the state court judgment, Defendant obtained an "Order To Appear for Examination" requiring the Debtor to appear for a judgment debtor's examination.

7. Defendant admits that he asserts that on or about December 16, 1998, and based upon the state court judgment, Defendant obtained a "Turnover Order In Aid Of Execution" directing Debtor and her attorneys to turnover to the Marshall all funds received by the Debtor resulting from her participation as a relator in United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al. Civil Action No. 91-1325-E(P).

8. Defendant admits that he asserts that on or about January 13, 1999, and based upon the state court judgment, Defendant obtained a Notice of Lien on the Debtor's rights to monies procured in the whistleblower action.

9. Defendant admits that he asserts that on or about January 21, 1999, Defendant filed a Notice of Judgment Lien On Personal Property with the California Secretary of State based upon the state court judgment.

/ / /

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

10. Defendant admits that on or about January 25, 1999, Debtor filed a Chapter 13 Case No. 99-00811-B14 and Thomas Billingslea, Jr. was appointed to act as the Chapter 13 Trustee.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Debtor's expectations in paragraph 11 and, on that basis, denies each and every allegation contained therein, except Defendant admits the allegations regarding Judge Hargrove's Order.

12. Defendant admits that on or about July 22, 1999, an order dismissing the case was entered in the Chapter 13 matter and that, on or about December 26, 2000, the United States Bankruptcy Appellate Panel for the Ninth Circuit reversed the "Order Dismissing Case" and remanded the Chapter 13 case to the bankruptcy court for further proceedings consistent with its judgment. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 12.

13. Defendant admits that he asserts that on or about July 30, 1999, he obtained a "Writ of Execution" based upon his state court judgment.

14. Defendant admits that he asserts that on or about August 2, 1999, and based upon his state court judgment, Defendant obtained a "Turnover Order in Support of Ex Parte Application for Turnover Order" requiring Debtor and her counsel to turnover all funds received by the Debtor resulting from her participation as a relator in <u>United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al.</u> Civil Action No. 91-1325-E(P). Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 14.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

15. Defendant admits that he asserts that on or about August 2, 1999, he served Debtor's counsel with a copy of the "Writ of Execution," "Notice of Levy," "Memorandum of Garnishee" and "Turnover Order" based upon his state court judgment.

16. Defendant admits that on or about August 2, 1999, Defendant made an ex parte application to the bankruptcy court to order all funds received by the Debtor resulting from her participation as a relator in United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al. Civil Action No. 91-1325-E(P) to be released to Defendant which was denied. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 16.

17. Defendant admits that on or about August 11, 1999, Debtor filed this Chapter 7 case and Plaintiff was appointed to act as the Chapter 7 Trustee. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, on that basis, denies each and every remaining allegation contained therein.

18. Defendant admits that on or about June 29, 2000, the bankruptcy court in the Chapter 13 proceeding entered an order granting the Debtor's motion to avoid Defendant's judicial lien and that said order avoided a substantial portion of the Defendant's judgment lien in the Chapter 13 matter. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 18.

/ / /

/ / /

/ / /

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

19. Defendant admits that he has made demand upon Plaintiff to turnover all funds received by the Debtor resulting from her participation as a relator in United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al. Civil Action No. 91-1325-E(P) as Defendant claims to have a first priority secured lien upon the same. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 18.

**SEPARATE AFFIRMATIVE DEFENSES**

For further answer to Plaintiff's Complaint, and by way of affirmative defense, on information and belief, this answering Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each and every cause of action contained therein, is barred by all applicable state and federal statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

By virtue of Debtor's representations, acts and omissions, Plaintiff's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

By virtue of Debtor's representations, acts and omissions, Plaintiff's claims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

By virtue of Debtor's delay in asserting the claims herein, Plaintiff's claims are barred by the doctrine of laches.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That the Court deny Plaintiff an order establishing and determining the existence, nature, extent and priority of the Plaintiff's interest in the funds received by the Debtor resulting from her participation as a relator in United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al. Civil Action No. 91-1325-E(P) as the first priority and prevailing claim in said monies;

2. That the Defendant has a secured, first priority lien on the funds received by the Debtor resulting from her participation as a relator in United States of America ex rel Sara Newsome (Burns) v. Family Practice Associates, et al. Civil Action No. 91-1325-E(P);

3. That the Plaintiff take nothing by reason of his Complaint;

4. For costs of suit herein;

5. For attorneys' fees according to proof; and

6. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATE: October 4, 2001

**SAMPSON & ASSOCIATES**

By: ______________________
BRYAN D. SAMPSON, ESQ.
Attorney for Secured Creditor
BRADLEY PROULX