**SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
Elizabeth Aronson (#167869)
2139 First Avenue
San Diego, California 92101
(619)557-9420 / Fax (619)557-9425

Attorneys for SECURED CREDITOR
BRADLEY PROULX

FILED DJ

01 NOV 19 PM 5:05

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.  99-33191-B7 |
| SARA NEWSOME BURNS, | Adv. No:  01-90355-B7 |
| Debtor. | Chapter 7 |
| RICHARD KIPPERMAN, Trustee, | **REQUEST FOR JUDICIAL NOTICE OF EXHIBITS IN SUPPORT OF CREDITOR AND DEFENDANT BRADLEY PROULX'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | Date:   December 17, 2001 |
| BRADLEY PROULX, an individual, | Time:   2:30 p.m. |
| | Ctrm:   4 |
| Defendant. | Judge:  Hon. Peter W. Bowie |

Creditor/Defendant BRADLEY PROULX hereby requests the court take judicial notice, under

Federal Rules of Evidence, Rule 201, of the following *certified* documents submitted to the Court in

support of his motion for summary judgment.

| Exh. | Date | Description |
|---|---|---|
| "1" | October 30, 1998 | Creditor Proulx's State Court Judgment and State Court Statement of Decision. |
| "2" | October 16, 2001 | California Court of Appeals, Fourth Appellate District's dismissal of Debtor Burns' appeal of the State Court action. |
| "3" | November 6, 1998 | Creditor Proulx's Abstract of Judgment. |
| "4" | December 16, 1998 | Creditor Proulx's State Court Turnover Order. |

1

1    "5"    January 13, 1999    Creditor Proulx's Lien on Debtor's Federal Qui Tam action.

2    "6"    November 10, 1998    Creditor Order to Appear for Examination Against Debtor Burns for a

3    post-judgment debtor examination.

4    Respectfully submitted,

5    DATE: November 17, 2001    **SAMPSON & ASSOCIATES**

6

7    By: _____

8    BRYAN D. SAMPSON, ESQ.
     Attorney for Secured Creditor
     BRADLEY PROULX

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAMPSON & ASSOCIATES**
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 557-9420 · FACSIMILE (619) 557-9425

2

INDEX OF EXHIBITS IN SUPPORT OF CREDITOR PROULX'S MOTION FOR SUMMARY JUDGMENT

S:\Company Files\Clients - Open\Proulx\pldg\BANKRUPTCY\Chapter 7\SJMNOL.wpd

EXHIBIT "1"

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

OCT 3 0 1998
MC ep

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| BRADLEY PROULX, | ) | CASE NO.   711064 |
| | ) | |
| Plaintiff, | ) | JUDGMENT |
| | ) | |
| v. | ) | |
| | ) | |
| SARA NEWSOME BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

This cause came on for hearing on June 15, 1998, in Department M-25 of the above-entitled court, the Honorable Timothy W. Tower, Judge, presiding.  Plaintiff appeared by his attorney T. Michael Reed, and defendant appeared by her attorneys David Tiffany and Randy Grossman.

Jury was waived.  Witnesses on the part of both plaintiffs and defendants were sworn and examined.  After hearing the evidence and the arguments of counsel, the court subsequently rendered a Statement of Decision as follows:  See Statement of Decision attached as Exhibit 1.

WHEREFORE, by virtue of law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that plaintiff

proulx\Judgment

1   BRADLEY PROULX has and recovers from defendant the sums as

2   follows:

3      One-third of $580,000.00 or $193,333.33 to be paid pro rata

4   as the government pays defendant, plus $22,267.50 together with

5   interest thereon from July 29, 1991 to the present at the rate

6   of 10% per annum, without compounding, in the amount of

7   $15,861.78.

8      Interest, costs and disbursements are to be determined.

9      WITNESS, the Honorable Timothy W. Tower, Judge of this

10   Court, and my hand and seal of this Court, this ___30th___ day of

11   *October* ~~September~~, 1998.

12

13

14                             _____
                            HONORABLE TIMOTHY W. TOWER

15                             Sitting as Judge of the Superior
                            Court

16

17   Approved as to form:

18

19

    _____

20

  Attorneys for Defendant

21                         DATE: 11-15-01

22                         Attest: A true copy, 2 pp.
                        STEPHEN THUNBERG, Court Administrator

23                         By_____Deputy

24                             C. KRYSTOFF

25

26

27

28

**FILED**

'98  SEP 21  P3:37

CLERK OF MUNICIPAL
COURT OF SAN DIEGO
JUDICIAL D

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

SAN DIEGO JUDICIAL DISTRICT

BRADLEY L. PROULX

    Plaintiff,

    vs.

SARA NEWSOME BURNS, ET AL

    Defendant.

CASE No. 00711064

STATEMENT OF DECISION

    As a general rule, where there is a wrong, there is a remedy.
[Civil Code §3523].  Under the False Claims Act at 31 U.S.C. 3730(f),
contrary to defendants assertion, the U. S. "Government is not liable
for expenses which a person incurs in bringing an action..."
Therefore it is likely that neither the "original source" nor her
"investigator" could have recovered costs or expenses for the
investigation in any amount from the government.  Clearly, not all
claims to a share of the award in a False Claim *Qui Tam* action are
cognizable only in federal court. [<u>Marriage of Biddle</u>, 52 Cal. App 4th
396 (1997)].

    While the False Claims Act provides a basis for the "original
source" to be rewarded with a percentage of the government's recovery,

1

EXHIBIT I

1  it allows for reasonable costs and expenses of the private person
2  bringing the action to be recovered only from the person or entity
3  against whom the action is filed.  This is a remedy available to the
4  *Qui Tam* plaintiff, not to his or her supplier of services.   [31USC3730
5  d(1)]  Apparently the only remedy available directly to the *Qui Tam*
6  plaintiff's supplier of services is a remedy common to such persons in
7  most civil cases, namely, an action for breach of contract or to
8  enforce a lien, if there was one-which was not the case here.   The
9  defendant here could have recovered her reasonable costs and expenses,
10 possibly including her debt to plaintiff, if she had brought those to
11 the attention of the Court, but plaintiff had no legal standing to do
12 so.

13 **FOR THE FOREGOING REASONS, THE DEFENSE MOTION TO DISMISS FOR LACK**
14 **OF SUBJECT MATTER JURISDICTION DUE TO PREEMPTION IS DENIED.**

15 Having dealt with the jurisdictional issue, this Court must
16 determine if the plaintiff is entitled to recover on its contract
17 theories.   Plaintiff sues for breach of contract, or in the
18 alternative, for Quantum Merit.

19 To the question: "Was there an agreement between plaintiff and
20 defendants whereby plaintiff was to provide services to defendant in
21 exchange for a contingent monetary consideration?" The answer is a
22 resounding "yes".  Plaintiff testified to such an agreement in detail.
23 Defendant acknowledged that she signed an agreement, though no such
24 signed agreement is in evidence and defendant disputes the terms of
25 the original agreement.   There were several indications that defendant
26 believed there was an agreement, not the least of which was that she
27 claimed she called plaintiff and left a message firing him.   If she
28 ///

2

1   did not think he was hired or that she had some obligation to him,

2   then she hardly would have needed to fire him.

3       Establishing the terms of the agreement is not so simple.    It

4   should first be observed and the Court so finds, that plaintiff took

5   action at the request of defendant and with the reasonable expectation

6   that his efforts would be financially rewarded, contingent upon

7   defendant recovering something by reason of her claim and/or lawsuit

8   on behalf of the government.

9       For the most part, what was expected of the plaintiff is not much

10  in dispute.    The most significant dispute is what the defendant agreed

11  to pay the plaintiff for his services.

12      It was, without any dispute in the evidence, plaintiff's

13  responsibility to figure out how to go about pursuing a *Qui Tam* case

14  under the False Claims Act, guide defendant's actions in this regard,

15  facilitate the pursuit of the claim and do investigation in aid of

16  perfecting the False Claims Act recovery against the *Qui Tam*

17  defendants.

18      Defendant has several complaints or objections to plaintiff's

19  performance.    Principally defendant objects that the substantial fee

20  claimed by plaintiff is not justified by the work expected of him, or

21  actually performed by him.    However, this argument overlooks three key

22  points: (1)defendant apparently did not know how to capitalize on her

23  position other than being aware that there was a possibility of doing

24  so through some form of claim involving the government; (2)plaintiff

25  agreed to perform his work in return for a fee contingent upon

26  successfully perfecting defendant's claim-i.e., he took a significant

27  risk; witness the government's declining to take over the case-

28  ///

3

1 (3) defendant and her agents failed to utilize plaintiff or even keep

2 him informed.

3     The plaintiff visited government agencies, contacted several law

4 firms, and advised defendant how to proceed.  He introduced the

5 defendant to a highly respected, very competent law firm, which she

6 retained.  He conducted investigations and obtained valuable

7 information which was used by the attorneys who incorporated

8 information supplied by plaintiff in the complaint they filed for the

9 defendant on behalf of the government.  Plaintiff clearly performed

10 services of value to defendant.

11     Defendant complains that plaintiff did not do all that was

12 required under the agreement, and, in fact, abandoned the contract.

13 However, defendant also claims she "fired" plaintiff when he did not

14 appear for a meeting with government representatives.  Thereafter,

15 neither she nor her attorneys asked plaintiff to do anything.  When

16 she changed attorneys, she apparently deliberately kept plaintiff out

17 of the picture. If there was more for him to do, it was defendants

18 fault, not plaintiffs, that plaintiff did not perform further.  Rather

19 than abandoning the contract, it appears plaintiff continued to make

20 himself available, and bided his time while defendant rejected

21 plaintiff's services.

22     Defendant complains that plaintiff did not retain work papers and

23 "original" notes and that plaintiff's reports were somehow

24 insufficient.  However, there is no evidence as to how these alleged

25 deficiencies impeded defendants ultimate success.  In fact, it appears

26 that plaintiffs reports were helpful. As mentioned above they resulted

27 in significant allegations in the complaint and were relied upon by

28 defendant's attorneys who themselves seemed to have no complaints.  In

4

1  fact, subsequent attorneys she retained without plaintiff's assistance
2  testified that plaintiff's work was largely responsible for the
3  settlement which resulted in defendant's award.

4      Defendant also complained that plaintiff's efforts failed to
5  produce a principal object of their agreement-namely, that through
6  plaintiff's efforts they were to induce the U. S. Government to
7  intervene in the *Qui Tam*, action.  While it is true that despite
8  plaintiff's efforts the government did not intervene, it cannot be
9  said that this was the principal object of the contract between
10 plaintiff and defendant.  From the beginning the expressed principal
11 object of the agreement was to obtain a monetary award from the
12 proceeds of a *Qui Tam* action, which ultimately did occur and to which
13 end plaintiff contributed as stated above.  There is no evidence that
14 the parties ever thought, let alone agreed, that if the government did
15 not intervene their agreement was terminated.

16     Defendant contended at trial that plaintiff refused to
17 participate in a meeting with the government which ostensibly was to
18 gather information for the purpose of aiding the government to decide
19 whether or not to intervene.  However, the evidence adduced at trial
20 clearly shows that plaintiff's failure to participate in the meeting
21 was not a refusal and probably had absolutely no effect on the
22 government decision.  The attorney for defendant who coordinated the
23 meeting so testified.  The evidence also shows that the defendant
24 seriously over-reacted to the plaintiff's failure to participate in
25 the government meeting to the point of "firing" the plaintiff.

26     Defendant also argues that the subject agreement was against
27 public policy and was preformed with "unclean hands".  First, it
28 should be noted that defendant was herself a party to the agreement

5

1  who stood to benefit from the alleged violation of public policy and
2  the allegedly illegal performance.  In fact, it was she who was
3  expecting plaintiff to testify and she herself did the same things she
4  claims the plaintiff did which were allegedly illegal.

5      While it may be undesirable, the defendant has not convinced the
6  Court that a witness giving testimony which may affect the witnesses
7  ability to get paid is so contrary to public policy that the witness
8  would be violating the canons of professional ethics or be barred from
9  giving testimony.  Certainly, such testimony would be subject to a
10 serious attack on its credibility, but it is quite common in Court.
11 Doctors whose ability to get paid on their liens may depend on the
12 testimony given, are frequently allowed to testify.  As a practical
13 matter, some experts who testify cannot reasonably expect to get fully
14 paid unless there is a recovery by plaintiff, although their retention
15 agreements may read otherwise.  Of course, the parties themselves
16 testify and they usually have a financial interest in the outcome.

17     All such testimony is permitted and may be evaluated by the trier
18 of fact in light of the "…bias, interest or other motive..." which
19 might influence testimony.  In this case, there was no evidence of the
20 existence of formal ethical standards for private investigators, only
21 the opinion of another investigator, unsubstantiated by any written
22 reference, formal pronouncements or decisions of ethics boards or
23 agencies.

24     Furthermore, seldom are investigators called upon to give
25 testimony in the trial of a matter.  Certainly the issue never
26 actually arose in this case or even came close.  Usually, the
27 investigator provides information concerning witnesses or documents
28 who are then called to testify or which are authenticated by means

6

1 unrelated to the investigator.  Only in a rare case is the
2 investigator called after other witnesses have testified to impeach,
3 or conceivably, but very rarely, if ever, to authenticate.  Insurance
4 claims investigators are occasionally called upon to do this even
5 though their employers' financial interests are at stake.  No one has
6 ever suggested that they cannot legally testify or that it would be
7 unethical for them to do so.

8     With regard to the allegedly illegal investigation methods, the
9 court will observe first that the type of information gathering done
10 by plaintiff here is common.  If done by a governmental agency, it is
11 possible that someone would conclude that the government conducted a
12 search without warrant or probable cause.  This work, however, was not
13 done by a governmental entity.  Whether it would constitute an
14 actionable invasion of privacy is debatable, but probably the only
15 persons with standing to make such a claim are the "patients" not the
16 institution nor the defendant.  It was alleged that the conduct of
17 plaintiff constituted theft, but there is no evidence that plaintiff
18 took anything physical or of intrinsic value that belonged to another.
19 He copied information and made notes.  Perhaps taking the paper upon
20 which the copies were made could be considered conversion, or even
21 petty theft, but this will not obviate the underlying agreement here.
22 Neither would illegal tape recording of non-parties words, though this
23 might be considered a violation of criminal statutes.  The evidence in
24 these areas is insufficient.

25     Plaintiff herself took copies of papers and records from her
26 employer.  For her to complain that the investigator she hired did
27 something similar and that this should be the basis of not paying him
28 for his services, smacks of inequity.  If he did wrong, let those with

a legitimate adverse interest in his alleged wrong-doing pursue the matter, not someone with no such adverse interest who only wants to avoid a debt.

Defendant asserts the statute of limitations and laches as a defense. The plaintiff filed the lawsuit well within 2 years after defendant allegedly breached her agreement by failing to pay plaintiff after she received her award from the government. As defendant had no plans to inform plaintiff of the occurrence of that event which triggered her liability, that is receiving her reward from the government, and as plaintiff appears to have timely filed this action thereafter, neither the 2 year statute of limitations for breach of an oral agreement or for quantum merit, nor laches, would seem to apply here.

Determining the amount due plaintiff pursuant to agreement and whether such an amount was unconscionable are bound up together. Plaintiff claims that the original agreement was for 50% of the award to defendant. The Court does not trust the accuracy of defendant's testimony which was inconsistent with this. It would be a substantial portion of the award indeed, but generally the parties to a contract are free to set their own terms without interference from the court called upon to enforce the agreement.

Plaintiff claims that the amount of his contingent fee was later modified in another oral agreement which he memorialized in writing. Defendant denies that she ever received the letters setting forth the agreement, but does not specifically deny that a conversation about modifying the original agreement took place. Since the modification would reduce the amount to which plaintiff is entitled and would

///

8

benefit defendant, plaintiff should be permitted to recover this reduced amount.

Of course, there is a dispute regarding the interpretation of the modification.  Defendant contends that the modification would entitle plaintiff to 10% of the gross settlement of the government which, at the outset could have appeared to exceed the possible recovery of defendant.  Plaintiff testified that it was his understanding that what the parties had actually meant to agree to was one-third (33%) rather than the original 50%, and that the 10% figure represented one-third of the 30% of gross which the parties hoped to receive as a reward for their part in the *Qui Tam* case.  This is not obvious from the language of the letter which plaintiff has offered as corroboration of the modified agreement, but the more literal interpretation proffered by defendant is indeed potentially unconscionable, and could hardly have been consistent with an intent to reduce the contingent obligation of the defendant.

Of course, once again, as things turned out even the literal interpretation of the letter produces almost the same result which plaintiff claims was the aim and intent of the modification.  It also produces a result which is very close to the "original" agreement defendant concedes she thought she entered into (30%).  As plaintiff has offered an interpretation which reduces defendants obligation, once again the court will accept that version of the agreement.

The criticisms of the hourly charges is based largely on hindsight and does not reach all of the work performed by plaintiff.  Therefore, the Court will award the amount claimed as not unreasonable.

///

1

1    The court therefore awards plaintiff one-third (1/3) of the total

2  amount awarded to defendant by the U. S. Government, plus $22,267.50

3  together with interest thereon at the rate of 10% per annum, without

4  compounding.  The amount due plaintiff shall be paid at the rate

5  payment is made by the government to defendant.  As the evidence shows

6  that defendant has already received substantial payment, and as

7  interest is due on the hourly charges from the date defendant began to

8  receive payments and declined to pay plaintiff, the payment for hourly

9  fees and interest thereon shall be paid forthwith, together with an

10  amount equal to one-third (1/3) of the award already paid by the

11  government to defendant.  Plaintiff shall be entitled to costs of

12  suit.  Plaintiff shall prepare a judgement for signature by the court

13  and have it approved as to form by counsel for defendant.

14

15  Dated:    9/16/98                        _Timothy W. Tower_

16                                   TIMOTHY W. POWER, JUDGE
                                     SAN DIEGO MUNICIPAL COURT
17

18

19

20

21                                   Date: SEP 1 7 1998

22                                   Attest: A true copy
          SEAL                       D. KENT PEDERSEN, Court Administrator
23                                   By_____Deputy

24

25                                   DATE: 11-15-01

26                                   Attest: A true copy, 10 pages
                                     STEPHEN THUNBERG, Court Administrator
27                                   By_____Deputy

28                                        C. KRYSTOFF

EXHIBIT "2"

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk

OCT 1 6 2001

Court of Appeal Fourth District

| | |
|---|---|
| BRADLEY L. PROULX, | D032538 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 711064) |
| SARA NEWSOME BURNS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy W. Tower, Judge. Appeal dismissed; petition denied.

## SUMMARY

Plaintiff and respondent Bradley L. Proulx helped defendant and appellant Sara Newsome Burns prosecute a federal False Claims Act (qui tam) action (31 U.S.C.A. § 3730 (b)) against Burns's former employer. Proulx provided the assistance in exchange for Burns's agreement that she would pay him hourly for his investigative services plus one-third of any amount she recovered in the action. Burns's qui tam action was successful and Burns recovered $580,000. However, Burns refused to pay Proulx any portion of the amount she recovered.

Proulx sued Burns and following a court trial, the trial court awarded Proulx $215,600 plus interest.  Burns filed a timely notice of appeal from the trial court's judgment.  However, because Burns's motion to vacate the trial court's judgment was still pending at the time her notice of appeal was filed and Burns desired a ruling from the trial court on her motion, she filed in the trial court an abandonment of her appeal.  The abandonment did not state whether it was with or without prejudice.  After the trial court denied Burns's motion to vacate, she filed a second notice of appeal.

Proulx moved to dismiss Burns's appeal, arguing that her abandonment of her first notice of appeal was with prejudice and acted as an affirmance of the trial court's judgment.  In response to Proulx's motion we directed the parties to brief us as to whether we had the power to alter nunc pro tunc Proulx's abandonment and to brief us as well on the merits of Burns's appeal.  On the merits Burns argues the trial court had no subject matter jurisdiction over Proulx's breach of contract claim, that Proulx's claims were barred by the statute of limitations and that the parties had mutually abandoned their agreement.

We grant Proulx's motion to dismiss.  Burns's abandonment of her first appeal deprived this court of appellate jurisdiction, and her second notice of appeal did not reinstate our appellate jurisdiction.  Rather, Burns was required to seek relief from her abandonment from the trial court.

However, because the case has been fully briefed on the merits and any further delay in proceedings would substantially prejudice the parties, we will treat Burns's

2

appeal as a petition for a writ of mandamus. For the reasons set forth below we deny the petition.

## DISCUSSION

### I

The trial court filed its statement of decision in which it found in favor of Proulx on September 21, 1998. On October 13, 1998, Burns filed a notice of motion to set aside the trial court's judgment. The notice indicated that Burns's motion would be heard on December 8, 1998.

On October 30, 1998, the trial court's judgment was in fact entered. Although her motion to vacate the judgment had not yet been heard, on November 3, 1998, Burns filed a notice of appeal from the judgment.

In his opposition to the motion to vacate, Proulx argued that in light of the notice of appeal the trial court had no jurisdiction to hear Burns's motion. Proulx's opposition was filed on November 13, 1998. On November 16, 1998, Burns filed an abandonment of her appeal. The abandonment did not state whether it was with or without prejudice to a further appeal. Very shortly thereafter Burns filed a reply memorandum in support of her motion to vacate and relied upon her abandonment in arguing that the trial court had jurisdiction to rule on her motion.

The trial court denied Burns's motion and Burns filed a second notice of appeal on December 11, 1998. The second notice of appeal states that it is from the October 30, 1998, judgment.

3

Relying on rule 19(a) of the California Rules of Court[1] and Code of Civil Procedure[2] section 913, Proulx moved to dismiss Burns's appeal. In opposition to the motion, Burns submitted the declaration of her attorney which states that the abandonment of the first appeal was filed only so that the trial court could rule on the motion to vacate and that Burns had no intention of foregoing her right to seek review on the merits of the trial court's ruling.

Rule 19(a) provides in part: "At any time before the filing of the record in the reviewing court, the appellant may file in the office of the clerk of the superior court a written abandonment of the appeal; or the parties may file in that office a stipulation for abandonment. The filing of either document shall operate to dismiss the appeal and to restore the jurisdiction of the superior court." Section 913 states: "The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal."

In *Conservatorship of Oliver* (1961) 192 Cal.App.2d 832, 836-837, the court considered rule 19 and the predecessor to section 913. As here, in *Conservatorship of Oliver,* the appellant filed an abandonment in the trial court before any record on appeal had been filed with the Court of Appeal, and the abandonment did not indicate whether it

---

1    All further rule references are to the California Rules of Court unless otherwise indicated.
2    All further statutory references are to Code of Civil Procedure unless otherwise indicated.

4

was with or without prejudice. In dismissing Oliver's later appeal, the court stated: "In the instant case, there was no record on appeal in this court at the time of the filing of the abandonment of appeal in the superior court. Although it has not been definitely decided in this state, we conclude that the filing of the abandonment of the appeal operated as a dismissal of it. [Citations.] The dismissal is, in effect, an affirmance of the judgment. [Citations.] Furthermore, in the instant case, the dismissal or abandonment was not expressly made without prejudice.

"The rule appears to be that before filing the subsequent appeals by Oliver, . . . it was necessary for him to first make an application in the superior court to set aside the abandonment where the abandonment was not expressly made without prejudice. . . . .

"We therefore conclude that since Oliver made no application to the superior court to be relieved of the effect of the written abandonment of his appeal before attempting to again appeal, the [later] attempted appeals . . . from the same judgments and orders . . . were ineffectual as to the judgments and orders." (*Conservatorhip of Oliver, supra*, 192 Cal.App.2d at pp. 836-837.)

Because like the appellant in *Conservatorship of Oliver*, Burns's abandonment was filed before any record on appeal had been filed with this court, the abandonment did not state that it was without prejudice and Burns has made no attempt to obtain relief from her abandonment of appeal from the trial court, her later notice of appeal from the trial

court's judgment did not provide us with appellate jurisdiction. Thus we must dismiss her

appeal. (*Conservatorship of Oliver, supra*, 192 Cal.App.2d at p. 837.)[3]

Although we are always cautious in doing so, in cases such as this, where the

notice of appeal was filed within the time allowed for an appeal, the matter has been fully

briefed on the merits and the effect of our dismissal for lack of appellate jurisdiction

would be to create unnecessarily circuitous proceedings, we have the power to treat the

appellant's notice of appeal and briefing on the merits as a petition for extraordinary

relief. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 400-401; *Green v. GTE California, Inc.*

(1994) 29 Cal.App.4th 407, 410.) Here, circuitous proceedings may well occur if we

decline to treat Burns's appeal as a petition for extraordinary relief. The record shows in

fairly convincing fashion that in abandoning her first appeal, Burns did not intend to

forego her right to challenge the trial court's ruling but that her attorney simply erred in

failing to expressly state that the abandonment was without prejudice. Where, as here, a

dismissal is caused by an attorney's error, relief under section 473, subdivision (b), is

mandatory. (See *Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 771; but see also

*Conservatorship of Oliver, supra*, 192 Cal.App.2d at p. 837 [record shows that

abandonment was intended to be with prejudice and application by appellant in trial court

would be unsuccessful].) Thus the trial court might well be required to relieve Burns

---

3    Any appeal from the postjudgment order denying Burns's motion to vacate, which
was entered after her abandonment was filed, would also be ineffective. The judgment
having been in effect affirmed any appeal from the later order denying relief from the
judgment would be moot. (*Conservatorship of Oliver, supra*, 192 Cal.App.2d at p. 837.)

6

from her abandonment and we would in any event be required to consider the merits of her appeal.[4]  Accordingly, in the interests of judicial economy and to avoid any unnecessary delay, we will instead treat Burns's appeal as a petition for a writ of mandate. (*Olson v. Cory, supra,* 35 Cal.3d at p. 401.)

II

In her principal argument Burns contends Proulx's contract claim should have been asserted in the federal False Claims Act proceeding she initiated against her employer.  Her argument is an admixture of subject matter jurisdiction and federal preemption.  We reject it.

First, Burns is mistaken in arguing federal courts have exclusive jurisdiction over qui tam actions.  Rather, the cases which have considered the issue have found that state courts have concurrent jurisdiction over qui tam claims.  (*United States ex rel. Paul v. Parsons, Brinkerhoff, Quade & Douglas, Inc.* (SD Tex. 1994) 860 F.Supp. 370, 374-375; *United States ex rel. Neil F. Hartigan v. Palumbo Bros., Inc.* (N.D. Ill. 1992) 797 F. Supp. 624, 632-633 (*Palumbo*).)  In particular, the court in *Palumbo* rejected the argument asserted by Burns that qui tam claims are civil penalties within the meaning of 28 United States Code section 1355 which provides for exclusive federal jurisdiction over claims for federal civil penalties.  (*Palumbo, supra,* 797 F.Supp. at pp. 632-633.)  The court reasoned that qui tam liability is restitutionary rather than punitive.  (*Ibid.*)

---

4       We express no opinion with respect to whether the six-month limitation period on relief under section 473, subdivision (b), was tolled while this case has been pending in this court.

7

More fundamentally, Burns is mistaken in arguing Proulx's claim against her, although related to her qui tam action, falls within the scope of the False Claims Act. Federal preemption is absent here because there is nothing express or implied in the False Claims Act which brings Proulx's contract action within the act and his claim does not conflict with any provision of the act. (See *English v. General Elec. Co.* (1990) 496 U.S. 72, 79 [110 S.Ct. 2270].)

Burns makes no attempt to find anything on the face of the False Claims Act which expressly preempts the operation of state law or expressly brings claims for expenses incurred by qui tam plaintiffs within the scope of the act. Although a federal statutory scheme may preempt state law even in the absence of an express statement doing so, such implied preemption only occurs when congress has demonstrated a "clear and manifest" intention to exclusively occupy a particular field and displace state law. (*English v. General Elec. Co., supra,* 496 U.S. at p. 79.) The only court which considered preemption under the False Claims Act has found no implied intent on the part of Congress to exclusively occupy the field of qui tam actions and entirely displace state law. (*Palladino v. VNA of Southern New Jersey* (D. N.J. 1999) 68 F.Supp.2d 455, 465-470.)

The fact the False Claims Act permits a *successful* qui tam plaintiff to recover his or her expenses from a defendant (31 U.S. Code § 3730 (d)(2)) does not by implication suggest that the act was intended to also cover disputes between a plaintiff and someone who provided services to the plaintiff. Indeed, any such an implication is largely undermined by 31 United States Code section 3730 (f) which states: "The Government is

8

not liable for expenses which a person incurs in bringing an action under this section." This substantive provision strongly suggests that in providing for qui tam actions, Congress determined that a plaintiff's potential liability for expenses was collateral to the goals of the False Claims Act and hence outside the scope of the act.

Finally, there is nothing in a judgment holding Burns liable for breach of contract which conflicts in any manner with any provision of the False Claims Act. Holding a plaintiff liable to someone who has provided valuable services to the plaintiff will not prevent the plaintiff from recovering those expenses from the underlying defendant as provided by 31 United States Code section 3730 (d)(2) so long as the plaintiff makes a timely claim for those expenses in the qui tam action. Here, Burns's inability to recover all or part of the amounts she owed Proulx from her employer was not caused by any conflict between state and federal law, but rather was the result of Burns's attempt to entirely avoid paying Proulx what he was owed.

In sum, because there is no exclusive federal subject matter jurisdiction and no federal preemption, there is no basis upon which Proulx could be required to bring his contract claim in the underlying qui tam proceeding.

### III

Burns's remaining two arguments -- her contentions that Proulx's claim was barred by the statute of limitations and that in any event she and Proulx abandoned their agreement -- are defeated by her failure to present an adequate record on appeal.

As was her right, Burns elected to proceed on appeal without providing this court with a reporter's transcript of the trial. (Rule 5 (f).) However, in doing so she gave up

9

the right to challenge the sufficiency of the evidence which supports the judgment. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154; 9 Witkin, Cal. Procedure (4th ed.) pp. 598-599, Appeal § 561.) "'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.'" (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)

Here, the trial court found that there was an agreement by which Burns promised to pay Proulx one-third of any amount she recovered from the qui tam action plus $22,267.50 in fees earned before their agreement was modified. The trial court found that Burns's liability was contingent upon her recovery of compensation in the qui tam action. Thus the trial court found that because Proulx brought his action within two years after Burns was paid in the qui tam action, it was timely under section 339, which provides a two-year limitation period for claims based breach of an oral contract. Because the rationale adopted by the trial court is on its face reasonable and fully supports the judgment, we have no power to reject it. (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)

The trial court also rejected Burns's contention that her agreement with Proulx was mutually abandoned. The trial court found that, as plaintiff testified, although Burns tried to "fire" Proulx, at most the original agreement was merely modified and as modified reduced the percentage Proulx would recover. Again, because these findings are on their

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

GREGORY J. SMITH
Assessor/Recorder/Clerk
San Diego County, California

NOV 1 5 2001

546

982(a)(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address):*

☒ Recording requested by and return to:

T. Michael Reed, Esq.
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, CA 92101

TELEPHONE NO.: **(619)238-1811**

FOR RECORDER'S USE ONLY

☒ ATTORNEY FOR   ☒ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

NAME OF COURT: **SUPERIOR COURT OF CALIFORNIA**
STREET ADDRESS: **County of San Diego, Central Branch**
MAILING ADDRESS: **220 West Broadway**
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME:

PLAINTIFF: **BRADLEY PROULX**

DEFENDANT: **SARA NEWSOME BURNS, et al.**

### ABSTRACT OF JUDGMENT

CASE NUMBER:

**711064**

FOR COURT USE ONLY

1. The ☒ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Sara Newsome Burns
      4621 Kensington Drive
      San Diego, CA 92116

   *PER R. Bond by LAM*

   b. Driver's license No. and state: ☒ Unknown
   c. Social Security No.: **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** ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address):* *SEE ABOVE—PER R. BOND by LAM*

   e. ☐ Additional judgment debtors are shown on reverse.

Date: **November 4, 1998**

**T. MICHAEL REED**
(TYPE OR PRINT NAME)

► (SIGNATURE OF APPLICANT OR ATTORNEY)

2. a. ☒ I certify that the following is a true and correct abstract
      of the judgment entered in this action.
   b. ☐ A certified copy of the judgment is attached.
3. Judgment creditor *(name):* **Bradley Proulx**

   whose address appears on this form above the court's name.
4. Judgment debtor *(full name as it appears in judgment):*
   **SARA NEWSOME BURNS**

6. Total amount of judgment as entered or last renewed:
   $ **231,462.61**
7. ☐ An ☐ execution ☐ attachment lien
   is endorsed on the judgment as follows:
   a. Amount: $
   b. In favor of *(name and address):*

5. a. Judgment entered on
      *(date):* **Oct. 30, 1998**
   b. Renewal entered on
      *(date):*
   c. Renewal entered on
      *(date):*

   [SEAL]

   This abstract issued on
   *(date):* **NOV 06 1998**

8. A stay of enforcement has
   a. ☒ not been ordered by the court.
   b. ☐ been ordered by the court effective until
      *(date):*
9. ☐ This judgment is an installment judgment.

Clerk, by _____, Deputy
**LEE ANN MCALISTER**

Form Adopted by Rule 982
Judicial Council of California
982(a)(1) [Rev. January 1, 1991]

**ABSTRACT OF JUDGMENT**
**(CIVIL)**

Code of Civil Procedure, §§ 488.480,
674,700.190

face reasonable and support the judgment, we have no further power to review them. (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)

The appeal is dismissed; the petition for writ of mandamus is denied. Respondent to recover his costs.

_____

BENKE, J.

WE CONCUR:

_____

KREMER, P. J.

_____

McDONALD, J.

11

F. I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

DEC 1 6 1998

By: M. RADEMAKER, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | | |
|---|---|---|
| BRADLEY PROULX, | ) | CASE NO. 711064 |
| | ) | |
|     Plaintiff and | ) | **TURNOVER ORDER IN AID OF** |
|     Judgment Creditor, | ) | **EXECUTION** |
| | ) | |
| vs. | ) | |
| | ) | |
| SARA NEWSOME BURNS, and DOES 1 | ) | |
| through 20, | ) | |
| | ) | |
|     Defendants and | ) | |
|     Judgment Debtors. | ) | |
| | ) | |

Plaintiff/Judgment Creditor BRADLEY PROULX's motion for a turnover order in

aid of execution came for hearing before this Court on December 4, 1998 at 3:00 p.m. in

Department 46 of the above-entitled court, Honorable Ronald S. Prager presiding. No

appearances were made by counsel as the motion was set for telephonic ruling.

The Court, having considered Plaintiff and Judgment Creditor's motion for a



Turnover Order in Aid of Execution, the written submissions of the parties, and the files and records of the case, and good cause having been shown therefore:

IT IS HEREBY ORDERED as follows:

1)    Upon receipt of, or upon receiving control or possession of the following described assets or any instrument representing or relating to those assets, the Defendant and Judgment Debtor, SARA NEWSOME BURNS, and/or any person acting in concert with her or under her direction or control, including her attorneys in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California), JOHN J. APPEL, JR., ESQ., shall immediately endorse and turn over, or cause to be turned over to the Marshal of San Diego County:

Any and all checks or funds received by SARA NEWSOME BURNS, DAN LAWTON, ESQ., RANDY GROSSMAN, ESQ., or JOHN J. APPEL, JR., ESQ., which represent payment to MS. BURNS of fees due to her for her participation as a relator in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California) and ordered paid to MS. BURNS pursuant to the Order on Stipulation for Order Modifying Settlement Agreement, dated July 1, 1997, in *U.S. ex rel Newsome v. Family Practice Associates, supra.*

2)    Neither the Defendant and Judgment Debtor, SARA NEWSOME BURNS, nor any person acting in concert with her or under her direction or control, including her

attorneys in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California), JOHN J. APPEL, JR., ESQ., shall receive, deposit, conceal, remove, or sequester the above-described funds, nor shall they obstruct, delay, prevent, or interfere in any manner with the timely delivery of the above-described funds to the Marshal of San Diego County.

IT IS FURTHER ORDERED that this Order shall be personally served on the judgment debtor, SARA NEWSOME BURNS, and her attorneys of record in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al., supra*, JOHN J. APPEL, JR., ESQ.

**NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR, HER ABOVE-NAMED ATTORNEYS OF RECORD, OR ANY PERSON ACTING ON HER BEHALF OR UNDER HER CONTROL, TO COMPLY WITH THIS ORDER MAY SUBJECT SUCH PERSON TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

Dated: December _16_, 1998.



HONORABLE RONALD S. PRAGER
Judge of the Superior Court

Page 3

EXHIBIT "5"

1 | **SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2 | 2139 First Avenue
San Diego, CA 92101
3 | (619) 557-9420/Fax 557-9425

4 | Attorneys for Lien Claimant BRADLEY PROULX

FILED

99 JAN 13 PM 2: 08

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ex rel SARA
NEWSOME (BURNS),

        Plaintiffs,

v.

FAMILY PRACTICE ASSOCIATES, et al.

        Defendants.

) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
)

CASE NO. 91-1325-K(POR)

**NOTICE OF LIEN**

ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT:

A lien is created by this Notice under FRCP 69 and Article 5 (commencing
with section 708.410) of Chapter 6 of Title 9 of Part 2 of the California Code of Civil
Procedure. The lien is based on a money judgment. The right to attach order or
the money judgment is entered in the following action: Superior Court of California,
San Diego Branch, <u>Bradley Proulx v. Sara Newsome Burns, et al.</u> Date of Entry of
Judgment was October 30, 1998.

The name and address of the judgment creditor or person who obtained the
right to attach order are (specifically): Bradley Proulx, c/o Casey Gerry Reed &
Schenk, 110 Laurel Street, San Diego, CA., 92101. The name and last known
address of the judgment debtor or person whose property is subject to the right to

attach order are (specifically): Sara Newsome Burns, 4621 Kensington Drive, San Diego, 92116.  The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is $231,462.61.

The lien created by this notice attached to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.

No compromise, dismissal, settlement or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:

a.    the prior approval by order of the court in this action or proceeding has been obtained;

b.    the written consent of the person named in item 4 has been obtained or that person has released the lien; or

c.    the money judgment of the person named in item 4 has been satisfied.

**NOTICE: The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien.  the Exemption is waived if it is not claimed in time.**

DATED: 1-13-79

SAMPSON & ASSOCIATES

By: 

Bryan D. Sampson
Attorneys for Lien Claimant

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*:
— Bryan D. Sampson, Esq. (#14    3)
SAMPSON & ASSOCIATES
2139 First Avenue
San Diego, CA 92101

TELEPHONE NO.: (619) 557-9420
fax (619) 557-9425

FOR COURT USE ONLY

ATTORNEY FOR LIEN CLAIMANT: BRADLEY PROULX

NAME OF COURT: UNITED STATES DISTRICT COURT
STREET ADDRESS: 880 Front Street, Ste. 4290
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101-8900
BRANCH NAME: SOUTHERN DISTRICT OF CALIFORNIA

PLAINTIFF: United States of America ex rel Sara Newsome (Burns)

DEFENDANT: Family Practice Associates, et al.

**NOTICE OF LIEN**
(Attachment - Enforcement of Judgment)

CASE NUMBER:
91-1325-K(POR)

---

ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT

1. A lien is created by this notice under
   a. ☐ Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. ☒ Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.
2. The lien is based on a
   a. ☐ right to attach order and an order permitting the creation of a lien (copies attached).
   b. ☒ money judgment.

3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court *(specify)*:    SUPERIOR COURT OF CALIFORNIA, SAN DIEGO BRANCH
   b. Name of case *(specify)*:    BRADLEY PROULX v. SARA NEWSOME BURNS, et al.
   c. Number of case *(specify)*:    711064
   d. ☒ Date of entry of judgment *(specify)*:    October 30, 1998
   e. ☐ Dates of renewal of judgment *(specify)*:

4. The name and address of the judgment creditor or person who obtained the right to attach order are *(specify)*:
   BRADLEY PROULX, c/o Casey, Gerry, Reed & Schenk, 110 Laurel St., San Diego, CA 92101
5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are *(specify)*:
   SARA NEWSOME BURNS, 4621 Kensington Drive, San Diego, CA 92116
6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $            231,462.61

7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.
8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:
   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

> **NOTICE  The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time.**

Date:  January 13, 1999

BRYAN D. SAMPSON, ESQ.
*(TYPE OR PRINT NAME)*

▶

*(SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)*

Form Approved by the
Judicial Council of California
AT-180, EJ-185 [New January 1, 1985]
*Martin Dean's Essential Forms* ™

**NOTICE OF LIEN**
(Attachment - Enforcement of Judgment)

PROULX v. BURNS

CCP 491.410, 708.410

EXHIBIT "6"

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name a.. Address)*:
T. Michael Reed
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, CA 92101

TELEPHONE NO.: 619/238-1811

FOR COURT USE ONLY 074/23

ATTORNEY FOR *(Name)*: BRADLEY PROULX

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: San Diego, California 92101
CITY AND ZIP CODE: CENTRAL
BRANCH NAME:

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

NOV 1 0 1998

By: M. RADEMAKER, Deputy

PLAINTIFF: BRADLEY PROULX,

DEFENDANT: SARA NEWSOME BURNS, et al.

CASE NUMBER:

711064

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION |
|---|
| [XX] ENFORCEMENT OF JUDGMENT   [ ] ATTACHMENT (Third Person) |
| [XX] Judgment Debtor   [ ] Third Person |

## ORDER TO APPEAR FOR EXAMINATION

1. TO *(name)*: SARA NEWSOME BURNS
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [XX] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: 11/26/98   Time: 8:30 a.m.   Dept. or Div.: 44   Rm.:
Address of court [XX] shown above [ ] is:

3. This order may be served by a sheriff, marshal, constable, registered process server, or the following specially appointed person *(name)*:

Date: NOV 1 0 1998

Ronald S. Prager   *(SIGNATURE OF JUDGE OR REFEREE)*

This order must be served not less than 10 days before the date set for the examination.

# IMPORTANT NOTICES ON REVERSE

## APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

1. [X] Judgment creditor   [ ] Assignee of record   [ ] Plaintiff who has a right to attach order
   applies for an order requiring SARA NEWSOME BURNS to appear and furnish information
   to aid in enforcement of the money judgment or to answer concerning property or debt.
2. The person to be examined is
   [XX] the judgment debtor
   [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under CCP § 491.110 or § 708.120 is attached.
3. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
4. [ ] This court is **not** the court in which the money judgment is entered or *(attachment only)* the court that issued the writ of attachment. An affidavit supporting an application under CCP § 491.150 or § 708.160 is attached.
5. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 6 , 1998

T. MICHAEL REED
*(TYPE OR PRINT NAME)*

*(SIGNATURE OF DECLARANT)*

Form Approved by the
Judicial Council of California
AT-138, EJ-125 [New July 1, 1984]

APPLICATION AND ORDER
FOR APPEARANCE AND EXAMINATION
(Attachment—Enforcement of Judgment)

WEST GROUP
Official Publisher

CCP 491.110, 708.110, 708.120

T. MICHAEL REED, BAR NO.  067240
CASEY, GERRY, CASEY, WESTBROOK, REED & SCHENK
110 Laurel Street
San Diego, CA 92101
619/238-1811
Attorney for :  Plaintiff

**F I L E D**
KENNETH E. MARTONE
Clerk of the Superior Court

NOV 1 2 1998

By: C. BANKS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

PLAINTIFFS:  BRADLEY PROULX
DEFENDANT:   SARA NEWSOME BURNS, et al.
CASE NO.:    711064

1.    At the time of service I was at least 18 years of age and not
      a party to this action, and I served copies of the:

      APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION;
      ORDER TO APPEAR FOR EXAMINATION SARA BURNS and for
      JOHN G. APPEL, JR.; EX PARTE APPLICATION FOR ORDER FOR
      APPEARANCE AND EXAMINATION FOR ENFORCEMENT OF JUDGMENT
      OF JUDGMENT DEBTOR SARA NEWSOME BURNS AND THIRD PARTY
      JOHN G. APPEL, JR.; TURNOVER ORDER IN AID OF EXECUTION;
      SUBPENA DUCES TECUM (SARA BURNS and for JOHN G. APPEL
      JR.

2.    a. (X) an attorney ( ) Party to the case: Sara Newsome
Burns

      b. Person Served:   (X) individual in item 2a () other
      c. Address: 4621 Kennsington Dr.
      San Diego California

      d. Date and time of delivery: November 10 , 1998, at 1.20 PM

3.    I served the party names in item
      a.    (X) by personally delivering the copies
      b.    ( ) by leaving the copies at the attorney's office, in an
envelope or package clearly labeled to identify the attorney being
served.
            ( ) with a receptionist or, with a person having charge
thereof.
            ( ) in a conspicuous place in the office between the
hours of nine in the morning and five in the afternoon.
      c.    ( ) by leaving the copies at the individual's residence
with some person of not less than 18 years of age. (If service was
to a party and not an attorney, delivery was made between the hours
of eight in the morning and six in the evening).

4.    Person serving: PETER LEWIS MAZZOTA.    Fee for Service:
                              d. Exempt from Registration
                                 pursuant to code
I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Date:  November 10 , 1998
Signature

PROOF OF PERSONAL SERVICE (CCP 1011 & Local Rules Division II
                    Rule 6.7

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and ...):          TELEPHONE NO.:
T. Michael Reed                        619/238-1811
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, CA  92101

**COPY**

**FILED**
KENNETH E. MARTONE
Clerk of the Superior Court

**NOV 10 1998**

By: M. RADEMAKER, Deputy

ATTORNEY FOR (Name): BRADLEY PROULX

NAME OF COURT: **SUPERIOR COURT OF CALIFORNIA**
STREET ADDRESS: **COUNTY OF SAN DIEGO**
MAILING ADDRESS: **330 W. Broadway**
CITY AND ZIP CODE: **San Diego, California  92101**
BRANCH NAME: **CENTRAL**

PLAINTIFF: BRADLEY PROULX,

DEFENDANT: SARA NEWSOME BURNS, et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [XX] ENFORCEMENT OF JUDGMENT  [ ] ATTACHMENT (Third Person) | |
| [XX] Judgment Debtor  [ ] Third Person | 711064 |

### ORDER TO APPEAR FOR EXAMINATION

1. TO (name): SARA NEWSOME BURNS
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [XX] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: 11/26/98    Time: 8:30 a.m.    Dept. or Div.: 46    Rm.:
Address of court [X] shown above [ ] is:

3. This order may be served by a sheriff, marshal, constable, registered process server, or the following specially appointed person (name):

Date: **NOV 10 1998**

Ronald S. Prager    (SIGNATURE OF JUDGE OR REFEREE)

**This order must be served not less than 10 days before the date set for the examination.**

### IMPORTANT NOTICES ON REVERSE

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

1. [X] Judgment creditor  [ ] Assignee of record  [ ] Plaintiff who has a right to attach order
applies for an order requiring (name): SARA NEWSOME BURNS    to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.

2. The person to be examined is
   [XX] the judgment debtor
   [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under CCP § 491.110 or § 708.120 is attached.

3. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.

4. [ ] This court is not the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under CCP § 491.150 or § 708.160 is attached.

5. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 6 , 1998

T. MICHAEL REED
(TYPE OR PRINT NAME)                    (SIGNATURE OF DECLARANT)

Form Approved by the
Judicial Council of California
AT-138, EJ-125 [New July 1, 1984]

**APPLICATION AND ORDER
FOR APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

WEST GROUP
Official Publisher

CCP 491.110, 708.110, 708.120

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address):       TELEPHONE NO.: 619/238-1811     FOR COURT USE ONLY

T. Michael Reed
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, CA 92101

**COPY**

ATTORNEY FOR (Name): **BRADLEY PROULX**

NAME OF COURT: **SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, California 92101**
BRANCH NAME: **CENTRAL**

F I L E D
KENNETH E. MARTONE
Clerk of the Super... rt
NOV 10 1998
By: M. HADEMAKER, Deputy

PLAINTIFF: **BRADLEY PROULX,**

DEFENDANT: **SARA NEWSOME BURNS, et al.**

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| XX ENFORCEMENT OF JUDGMENT    ☐ ATTACHMENT (Third Person) <br> ☐ Judgment Debtor    XX Third Person | **711064** |

## ORDER TO APPEAR FOR EXAMINATION

1. TO (name): **JOHN G. APPEL, JR.**
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. ☐ furnish information to aid in enforcement of a money judgment against you.
   b. ☒ answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. ☐ answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

   Date: 11/20/98    Time: 8:30am    Dept. or Div.: 46    Rm.:
   Address of court ☒ shown above ☐ is:

3. This order may be served by a sheriff, marshal, constable, registered process server, or the following specially appointed person (name):

   Date: NOV 10 1998    Ronald S. Prager    (SIGNATURE OF JUDGE OR REFEREE)

   **This order must be served not less than 10 days before the date set for the examination.**

## IMPORTANT NOTICES ON REVERSE

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

1. ☒ Judgment creditor   ☐ Assignee of record   ☐ Plaintiff who has a right to attach order
   applies for an order requiring (name): **JOHN G. APPEL, JR.**   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.

2. The person to be examined is
   ☐ the judgment debtor
   ☒ a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under CCP § 491.110 or § 708.120 is attached.

3. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.

4. ☐ This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under CCP § 491.150 or § 708.160 is attached.

5. ☐ The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 6, 1998

**T. MICHAEL REED**
(TYPE OR PRINT NAME)      (SIGNATURE OF DECLARANT)

Form Approved by the
Judicial Council of California
AT-138, EJ-125 [New July 1, 1984]

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

WEST GROUP
Official Publisher

CCP 491.110, 708.110, 708.120