SAMPSON & ASSOCIATES
Bryan D. Sampson (#143143)
Elizabeth Aronson (#167869)
2139 First Avenue
San Diego, California 92101
(619)557-9420 / Fax (619)557-9425

Attorneys for SECURED CREDITOR
BRADLEY PROULX

FILED DJ
01 NOV 19 PM 5:05
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARA NEWSOME BURNS,<br><br>Debtor. | Case No. 99-33191-B7<br><br>Adv. No: 01-90355-B7<br><br>Chapter 7 |
| RICHARD KIPPERMAN, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY PROULX, an individual,<br><br>Defendant. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR BRADLEY PROULX'S MOTION FOR SUMMARY JUDGMENT<br><br>Date: December 17, 2001<br>Time: 2:30 p.m.<br>Ctrm: 4<br>Judge: Hon. Peter W. Bowie |

Creditor/Defendant BRADLEY PROULX[1] ("Creditor Proulx") hereby submits the following memorandum of points and authorities in support of his motion for summary judgment against Chapter 7 Trustee/Plaintiff RICHARD KIPPERMAN ("Plaintiff Kipperman").

## SUMMARY OF ARGUMENT

Creditor Proulx contends his liens upon Chapter 7 Debtor/Judgment Debtor SARA NEWSOME BURNS' ("Debtor Burns") property were recorded outside of the 90 day preference period in this case. Thus, Creditor Proulx perfected his liens creating a first priority secured lien which cannot be avoided by Plaintiff Kipperman's *hypothetical creditor lien* in this action.

---

[1] Creditor Proulx's name is pronounced "Prou", the "lx" is silent.

1

MEMO OF POINTS & AUTHORITIES RE CREDITOR PROULX'S MOTION FOR SUMMARY JUDGMENT
S:\Company Files\Clients - Open\Proulx\pldg\BANKRUPTCY\Chapter 7\SJM\P&A.wpd

## FACTUAL BACKGROUND

**The State Court Judgment**. On October 30, 1998, Creditor Proulx was awarded judgment against Debtor Burns in the amount of $193,333.33 plus $22,267.50 together with interest thereon from July 29, 1991 at the rate of 10% per annum. See Exhibit "1." The judgment expressly grants Creditor a portion of Debtor's *Qui Tam* settlement with the United States Government. See Exhibit "1." Debtor appealed the State Court judgment and the California Court of Appeals, Fourth Appellate District dismissed the appeal and awarded costs to Creditor on October 16, 2001. See Exhibit "2."

**Creditor Proulx's State Court Liens**. Creditor PROULX has also secured his judgment against Debtor Burns in the State Court action. He recorded an Abstract of Judgment against Debtor Burns' real property on November 6, 1998. See Exhibit "3." He obtained a "levy lien" on the Qui Tam monies with a Turnover Order on December 16, 1998. See Exhibit "4." Creditor Proulx also obtained a *blanket lien* on all of Debtor Burns' assets when he obtained an Order to Appear for Examination which was served on Debtor Burns on November 10, 1998. See Exhibit "6." The liens were all filed and perfected more than 90 days prior to the date of Debtor's filing the instant Chapter 7 petition, i.e. August 11, 1999. See Court Records.

**Creditor Proulx's Federal Court Lien**. On January 13, 1999, Creditor Proulx also recorded a lien on Debtor Burns' federal Qui Tam action, as well as any proceeds from the action. See Exhibit "5." This liens was also filed and perfected more than 90 days prior to Debtor's Chapter 7 petition on August 11, 1999. See Court Records.

**Procedural Overview**. Despite the State Court orders and liens, Debtor Burns refused to pay any monies to Creditor, refused to cooperate and refused to discuss any settlement whatsoever. For example, during a post-judgment Debtor's examination, she acquired a sudden onset of amnesia which prevented her from remembering where any of her assets were located. Also, the final payment from the United States Government to Debtor, which was scheduled to be paid in July 1999, was mysteriously accelerated to late December 1998. See attached Declaration of Bryan D. Sampson.

On January 25, 1999, Debtor filed Chapter 13 Case No. 99-00811-B13. The Chapter 13 was dismissed on or about July 22, 1999. Thereafter, on or about December 26, 2000, the 9th Circuit Bankruptcy Appellate Panel reversed the dismissal and remanded the Chapter 13 Case for further proceedings consistent with its opinion. However, the Debtor has as of now voluntarily dismissed the Chapter 13 action. See Court records.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

## LEGAL ARGUMENT

1. **Summary Judgment Is Appropriate As A Matter Of Law Because There Are No Genuine Issues Of Material Fact.**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FRCP 56(c); <u>British Airways Board v. Boeing Co.</u> 585 F.2d 945, 951 (9th Cir. 1978).

As more fully explained below, in the case at hand there are no triable issues of material fact as the subject dispute revolves solely around the legal issue of whether Creditor Proulx's liens perfected on Debtor Burns' assets, and ahead of Plaintiff's *hypothetical creditor lien,* prior to 90 days before the filing of the instant action on August 11, 1999, i.e. on or before May 12, 1999.

2. **The Trustee Does Not Have A First Priority Lien On Debtor's Property.**

By his Complaint, Trustee alleges that, pursuant to 11 U.S.C. §544(a)(1), he became a judicial lien creditor at the commencement of the instant Chapter 7 action with a secured, first priority lien on Debtor Burns' property, including but not limited to, the estimated $150,000 in monies now being held by the Trustee pursuant to Court order. <u>See</u> Court records. The powers granted under §544 enables a trustee to avoid only transfers and liens on the Debtor's property that could have been avoided by a creditor under applicable local law, liens arising by statute for specified reasons, certain transfers to creditors within a specified time before the order for relief, certain transfers made in fraud of creditors, and certain transfers made after the commencement of a case. <u>See</u> 11 U.S.C. §§544, 545, and 547.

Under subsection 544(a)(1), the trustee has the rights and the powers, as of the date of the commencement of the case, to avoid any transfer or obligation of the debtor which is avoidable by a hypothetical creditor on a simple contract with a judicial lien on the property of the debtor unsatisfied as of the date of the commencement of the case. In other words, the advent of bankruptcy gives the Trustee the power to avoid any transfer of property or any obligation incurred by the debtor that would be avoidable in non-bankruptcy law by a creditor who had obtained a judicial lien. As a result, Section 544(a) has been characteristically termed the "strong arm clause."[2]

---

[2] The House Report No. 1409 on H.R. 8046, 75th Cong., 1st Sess. 34-35.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

Although these rights and powers are conferred on the trustee by federal law, the extent of the trustee's rights as a judicial lien creditor are measured by the substantive law of the jurisdiction governing the property in question----In this case, California. In re Kors, Inc. 819 F.2d 19 (2d Cir. 1987); In re Bridge 18 F.3d 195 (3d Cir. 1994); In re Kellett Aircraft Corp. 173 F.2d 689 (3d Cir. 1949).

### a. The Amount and Duration of Creditor's Liens.

Under California law, a judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien following appropriate procedural requirements (discussed below). A lien created under these provisions is "a lien for the amount required to satisfy the money judgment." C.C.P. §697.010. The lien is generally valid for the period the judgment is enforceable. C.C.P. §697.030.

Here, the judgment was entered on October 30, 1998, and is valid for ten years, i.e. to October 30, 2008. See C.C.P. §683.020; and Exhibit "1." Further, the amount of the judgment exceeds $249,534.46, which includes the principal judgment and 10% interest. C.C.P. §§685.010(a) & 695.210. To date, none of the judgment has been paid to Creditor Proulx. See attached Declaration of Bryan D. Sampson. Therefore, each of Creditor Proulx's liens are discussed below.

### b. The Judgment Debtor Examination Lien – ORAP Lien.

Under California law, a lien is created on all personal property of the judgment debtor for a period of one year from when the judgment debtor is served with the Court Order requiring the debtor to appear for the judgment debtor examination ("ORAP"). C.C.P. § 708.110(d). See also Imperial Bank v. Pim Electric, Inc. 33 Cal. App. 4th 540, 552-53 (1995). Here, the lien was created by November 20, 1998, and was in existence on the date of the Debtor's Chapter 7 petition on August 11, 1999. See Court records and Exhibit "6."

Under Section 547 of the Bankruptcy Code, the trustee cannot avoid liens as preferential transfers, if the lien had perfected more than ninety days before the filing of the petition. 11 U.S.C. 547(b)(4). In addition, California law does not require perfection of an ORAP lien. Where perfection is not required under state law, it is neither required under the Bankruptcy Code. Southern Cal. Bank v. Zimmerman (In re Hilde), 120 F.3d 950, 954 (9th Cir. Cal. 1997) (holding an ORAP lien had priority over the claim of a Trustee in a bankruptcy proceeding because perfection of an ORAP lien is not required and the lien was created more than 90 days before the bankruptcy petition was filed).

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

Based upon the foregoing, Creditor PROULX has another lien against Debtor's personal property because she was properly served with a Subpena and an Order for Examination, and in fact attended a debtor's examination. Thus, the lien was created and perfected 90-days outside of the preference period. See Exhibit "6." Accordingly, Creditor has another basis for a secured, non-avoidable lien against the subject property and the assertion that Plaintiff has a first priority and prevailing lien in the $150,000 *Qui Tam* settlement cash fund must be denied as a matter of law.

### c.  The Levy Lien - Creditor's Turnover Order.

Once a writ of execution has been issued against a judgment debtor, California law allows a creditor to levy upon a debtor's property by applying to the court for an order directing the debtor to transfer to the levying officer property sought to be levied upon or evidence of title to property levied upon. C.C.P. §699.040. Moreover, pursuant to California law, a levy on property under a writ of execution creates an execution lien on the property from the time of the levy until the expiration of two years after the date of issuance of the writ unless the judgment is sooner satisfied. C.C.P. §697.710.

Creditor PROULX applied to the court and obtained a turnover order in aid of execution directing Debtor BURNS and/or any applicable third party to turn over all checks or funds received, which represented payment to Debtor BURNS in the *Qui Tam* settlement with the United States Government, to the Marshal of San Diego County. See Exhibit "4." This order was issued by the court on December 16, 1998, which is clearly outside of the 90-day preference period of the instant Chapter 7 action. As a result, Creditor has yet another basis for a secured, non-avoidable lien against the subject property and the Trustee's assertion that Plaintiff has a first priority and prevailing lien in the estimated $150,000 *Qui Tam* settlement cash fund must be denied as a matter of law.

### d.  The Lien on Pending Action - Qui Tam Proceeds Lien.

A judgment creditor may create a lien on a pending action which involves the judgment debtor by filing a Notice of Lien on a Pending Action or Proceeding. C.C.P. §708.410, et seq. Here, Creditor Proulx obtained a lien on the entire balance of the estimated $150,000 in Qui Tam proceeds due Debtor Burns by recording his lien in Federal Court. See Exhibit "5." Debtor Burns had already taken approximately $400,000 from prior Qui Tam payments, none of which were accounted for by Debtor, or paid to Creditor, as required by the State court order. See Exhibit "1" and attached Declaration of Bryan D. Sampson.

e. **The Judicial Lien - The Judgment.**

The State Court order/judgment created a judicial lien in favor of Creditor Proulx and against both Debtor Burns and against the *Qui Tam* proceeds on October 30, 1998. Specifically, it assigned one-third of the Debtor's *Qui Tam* settlement with the United States Government to Creditor Proulx. See Exhibit "1." Thus, Creditor has yet another priority lien over Plaintiff in this action, which lien amount is fully perfected and which exceeds the current balance of *Qui Tam* proceeds by nearly $100,000.

## CONCLUSION

Based upon the foregoing Creditor Proulx has secured, non-avoidable liens against Debtor Burns property. The assertion that Plaintiff Kipperman, in accordance with 11 U.S.C. §544(a)(1), has a first priority and prevailing lien in the entire $150,000 *Qui Tam* settlement cash fund must be denied as a matter of law and the proceeds must be turned over to Creditor Proulx as set forth in the accompanying, proposed Order. See Exhibit "7."

Respectfully submitted,

DATE: November 17, 2001                    SAMPSON & ASSOCIATES

By: _____
BRYAN D. SAMPSON, ESQ.
Attorney for Secured Creditor
BRADLEY PROULX