SAMPSON & ASSOCIATES
Bryan D. Sampson (#143143)
Elizabeth Aronson (#167869)
2139 First Avenue
San Diego, California 92101
(619)557-9420 / Fax (619)557-9425

Attorneys for SECURED CREDITOR
BRADLEY PROULX



FILED DJ

01 DEC 10 PM 1:48

U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARA NEWSOME BURNS,<br><br>                      Debtor.<br><br>RICHARD KIPPERMAN, Trustee,<br><br>                      Plaintiff,<br><br>v.<br><br>BRADLEY PROULX, an individual,<br><br>                      Defendant. | Case No. 99-33191-B7<br><br>Adv. No: 01-90355-B7<br><br>Chapter 7<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR BRADLEY PROULX'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  December 17, 2001<br>Time:  2:30 p.m.<br>Ctrm:  4<br>Judge: Hon. Peter W. Bowie |

       Creditor/Defendant BRADLEY PROULX ("Creditor Proulx") hereby submits the following reply memorandum of points and authorities in support of his motion for summary judgment against Chapter 7 Trustee/Plaintiff RICHARD KIPPERMAN ("Plaintiff Kipperman").

       1.    **The Lien on Pending Action - Qui Tam Proceeds Lien.**

       In his papers, Trustee does not dispute that, pursuant to California Code of Civil Procedure §708.410, Creditor Proulx properly created a lien on the Qui Tam Action entitled <u>United States of America ex rel Sara Newsome Burns v. Family Practice Associates, et al.</u> United States District Court for the Southern District of California, Case No. 91-1325 on January 13, 1999. <u>See</u> Creditor's Exhibit "5."

1  Pursuant to C.C.P. §708.410, a judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien to the extent required to satisfy the judgment...on the rights of such judgment debtor to money or property under any judgment subsequently procured in the action or proceeding. See C.C.P. §708.410. Accordingly, the statute specifically allows a lien upon the subject monies, and there is no requirement that the monies be an "account receivable."

Further, as the notice of lien was created on January 13, 1999, it was created well outside of the 90 day preference period.

The only argument Trustee appears to make is that the action was not "pending" as it settled more than two years prior to the date that the lien was created. However, the Court in that case specifically retained jurisdiction over the matter until such time as the installment payments under the settlement agreement between Debtor and the U.S. government were completed. See Declaration of Bryan D. Sampson attached hereto. This is further evidenced by Trustee's own documents which show that the court in the federal action rendered several judgments subsequent to the dismissal being filed, i.e, modifying the settlement agreement more than a year after the dismissal. See Trustee's Request for Judicial Notice, Exhibit "A" (Federal Action Docket) at Docket Items 129 through 132.

Based upon the foregoing, the "time for appeal" had not elapsed as the court, pursuant to the settlement agreement, is entitled to make further orders which may be appealed. Said jurisdiction did not expire until such time as the terms of the settlement agreement were complied with. Since Creditor filed its notice of lien prior to that time, the notice of lien was timely filed.

**2.  The ORAP Lien Was Created On All Debtor's Property.**

Trustee quotes criminal law to argue that California Code of Civil Procedure §§708.120(c) and 708.110(d) are mutually exclusive of one another as allegedly the more specific statute for creating a lien pursuant to a third party debtor examination qualifies the more "general" statute. However, the Trustee fails to provide legal authority on point with regard to such an argument and for good reason– the Trustee's logic is clearly faulty in the present instance as these code sections do not qualify as "specific" and "general" statutes.

///

REPLY MEMO OF POINTS & AUTHORITIES RE CREDITOR PROULX'S MOTION FOR SUMMARY JUDGMENT
S:\Company Files\Clients - Open\Proulx\pldg\BANKRUPTCY\Chapter 7\SJM\REP.P&A.wpd

1   Rather, the code of civil procedure specifies that service of a judgment debtor examination upon
2   a debtor creates a lien upon "all of the debtor's property" without qualification. Accordingly, pursuant
3   to C.C.P. §708.110, a Creditor may depose a debtor and obtain a lien upon all of the debtor's property
4   simply by serving an order requiring the debtor's appearance. However, this statute is clearly not a
5   general statute as it specifically specifies that a creditor may not use this code section to depose a third
6   party other than the debtor.

7   C.C.P. §708.120, on the other hand, allows for the deposition of a third party, but in doing so,
8   allows only for a lien upon the debtor's money in the hands of that third party. In other words, C.C.P.
9   §708.120 is not a "specific" statute with regards to property of the debtor in the hands of third parties,
10  but is rather a separate statute relating to the deposition of third parties. Its purpose is not to limit
11  C.C.P. §708.110, but to prevent the repeated harassment and annoyance of third parties by a judgment
12  creditor by limiting the reasons for and means by which they can be deposed.

13  Whatsmore, Trustee argues that judgment creditor should have served a third party ORAP to
14  obtain its lien, however, Trustee fails to advise the Court that, in the instant case, that simply was not
15  possible. The third party was a public entity, i.e., the federal government, located in Washington D.C.
16  C.C.P. §708.750 requires that, if money is owed by a public entity other than a state agency, then, to
17  obtain a lien, the judgment creditor must file the abstract or certified copy of the judgment and affidavit
18  with the entity's auditor (or similar official when there is no auditor). C.C.P. §708.750. As evidenced
19  by Creditor's Exhibit "5," Creditor complied with this code section.

20  Based upon the foregoing, although Trustee's argument is novel, at closer inspection, it is
21  without merit or legal basis.

22  **3.     The ORAP Lien Was Tolled.**

23  In his papers, the Trustee argues that the expiration date of a lien is only tolled by the filing of
24  a bankruptcy petition if the California legislature specifically provides for the tolling within the statute.
25  However, such an argument is clearly meant to misdirect this Court. For it is well settled law that
26  Bankruptcy Code §108(c), which extends the time periods for a creditor, applies to time periods within
27  which a creditor must bring an action to enforce a lien before the lien expires. Valley Transit Mix of
28  Ruidoso, Inc. v. Miller 928 F.2d 354 (10th Cir. 1991); In re Hunter's Run Limited Partnership 875 F.2d

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

1425 (9th Cir. 1989); <u>In re Morton</u> 866 F.2d 561 (2d Cir. 1989); <u>City of Bridgeport v. Debek</u> 210 Conn. 175, 554 A.2d 728 (1989). <u>See</u> <u>also</u> Collier's On Bankruptcy §108.04. Thus, Creditor Proulx's lien has not expired.

### 4. The Qui Tam Monies Were Not After Acquired Property.

Trustee further argues that the ORAP lien did not apply to the Qui Tam monies as said monies were allegedly "after acquired" property. However, at the time of service of the order for the Judgment Debtor's examination on November 20, 1998, Debtor BURNS admittedly had already acquired an interest in the subject monies pursuant to her settlement agreement with the Federal Government on July 1, 1996. In fact, the monies were being paid to Debtor at the time of the liens and collection action in late 1998. <u>See</u> Sampson Declaration.

Accordingly, and based upon all of the foregoing, Creditor has a valid lien. The lien was created on all personal property of the Debtor pursuant to the service upon Debtor with a Court Order requiring the Debtor to appear for her judgment debtor examination.

### 5. Creditor's Turnover Order Created A Levy Lien.

Trustee disputes that an execution lien was created by the service of the turnover order. However, what Trustee fails to recognize is that the turnover order, along with the writ of execution, was served upon both the Debtor and the Federal government. C.C.P. §700.170 specifies that, to levy upon an account receivable or general intangible, the levying officer shall personally serve a copy of the writ of execution and a notice of the levy on the account debtor. Accordingly, the only question is whether or not a turnover order constitutes a notice of levy.

California Code of Civil Procedure §699.540 requires that a notice of levy must contain the following:

    a.    The capacity in which the person is notified;

    b.    A description of the property that is levied upon;

    c.    The person's rights under the levy (such as the rights to claim an exemption or to make a third party claim); and

    d.    The person's duties under the levy.

///

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 · FACSIMILE (619)557-9425

1  As evidenced by Creditor's Exhibit "4," the turnover order and attached documents specified all of the above. Accordingly, the service of the turnover order created yet another basis for a secured, non-avoidable lien against the subject property of the Debtor.

## CONCLUSION

Based upon the foregoing Creditor Proulx has secured, non-avoidable liens against Debtor Burns property. The assertion that Plaintiff Kipperman, in accordance with 11 U.S.C. §544(a)(1), has a first priority and prevailing lien in the entire $150,000 *Qui Tam* settlement cash fund must be denied as a matter of law and the proceeds must immediately be turned over to Creditor Proulx.

Respectfully submitted,

DATE: December 10, 2001

SAMPSON & ASSOCIATES

By: _____
BRYAN D. SAMPSON, ESQ.
Attorney for Secured Creditor
BRADLEY PROULX