SAMPSON & ASSOCIATES
Bryan D. Sampson (#143143)
Elizabeth Aronson (#167869)
2139 First Avenue
San Diego, California 92101
(619)557-9420 / Fax (619)557-9425

Attorneys for SECURED CREDITOR
BRADLEY PROULX

FILED DJ
01 DEC 10 PM 1:48
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>SARA NEWSOME BURNS,<br>　　　　　　　　　　　Debtor.<br><br>RICHARD KIPPERMAN, Trustee,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>BRADLEY PROULX, an individual,<br>　　　　　　　　　　　Defendant. | Case No. 99-33191-B7<br>Adv. No: 01-90355-B7<br>Chapter 7<br><br>**DECLARATION OF BRYAN D. SAMPSON IN SUPPORT OF CREDITOR BRADLEY PROULX'S REPLY ON MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　December 17, 2001<br>Time:　2:30 p.m.<br>Ctrm:　4<br>Judge:　Hon. Peter W. Bowie |

I, Bryan D. Sampson, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am also the attorney of record for creditor Bradley Proulx in this and in the underlying matter.

2. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

3. I prepared, filed and served Creditor's Notice of Lien on January 13, 1999. Therefore, it was created well outside of the 90 day preference period.

4. When I filed the Notice of Lien, the Court in that case specifically retained jurisdiction over the matter until such time as the installment payments under the settlement agreement between Debtor and the U.S. government were completed.

5. Although Trustee argues that the ORAP lien did not apply to the remaining $150,000 (estimated) Qui Tam monies, as said monies were allegedly "after acquired" property, the Trustee admits, perhaps inadvertently, the funds were immediately due. Trustee's counsel admitted that the funds were immediately turned over to his office by the government upon his demand.

6. In support of Trustee's admission, at the time of service of the order for the Judgment Debtor's examination on November 20, 1998, Debtor BURNS admittedly had already acquired an interest in the subject monies pursuant to her settlement agreement with the Federal Government on July 1, 1996.

7. In fact, I was advised by the government that the subject "$150,000" monies already were requisitioned to be paid to Debtor at the time of my liens and collection actions in late 1998. The only reason payment was stopped was because of the liens and subsequent actions/threats by Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 10th day of December 2001, in San Diego California.

Bryan D. Sampson

DECLARATION OF SAMPSON IN SUPPORT OF CREDITOR PROULX'S REPLY ON SUMMARY JUDGMENT
S:\Company Files\Clients - Open\Proulx\pldg\BANKRUPTCY\Chapter 7\SJM\REP.BDS.wpd